IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**CECILIA DE LA O,**

    **Plaintiff,**

v.                                                      No. 19-cv-0272 SMV

**ANDREW SAUL,**[1]
**Commissioner of the Social Security Administration,**

    **Defendant.**

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on Plaintiff's Motion to Remand or Reverse [Doc. 18], filed on September 9, 2019. The Commissioner responded on December 9, 2019. [Doc. 22]. Plaintiff replied on December 23, 2019. [Doc. 23]. The parties have consented to my entering final judgment in this case. [Doc. 9]. Having meticulously reviewed the entire record and being fully advised in the premises, the Court finds that the Administrative Law Judge ("ALJ") rejected evidence significantly probative of Plaintiff's ability to perform activities of daily living ("ADLs") without explaining why she rejected it. Because the Court cannot discern her reasoning, the decision must be remanded for reevaluation of Plaintiff's ADLs. Accordingly, the Motion will be granted, and the case will be remanded for further proceedings. *See* 42 U.S.C. § 405(g) (sentence four) (2018).

---

[1] Andrew Saul is the current Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Andrew Saul should be substituted for Acting Commissioner Nancy A. Berryhill as the Defendant in this suit. No further action needs to be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

## Standard of Review

The standard of review in a Social Security appeal is whether the Commissioner's final decision[2] is supported by substantial evidence and whether the correct legal standards were applied. *Maes v. Astrue*, 522 F.3d 1093, 1096 (10th Cir. 2008). If substantial evidence supports the Commissioner's findings and the correct legal standards were applied, the Commissioner's decision stands and the plaintiff is not entitled to relief. *Langley v. Barnhart*, 373 F.3d 1116, 1118 (10th Cir. 2004). Courts must meticulously review the entire record but may neither reweigh the evidence nor substitute their judgment for that of the Commissioner. *Flaherty v. Astrue*, 515 F.3d 1067, 1070 (10th Cir. 2007).

"Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Langley*, 373 F.3d at 1118. The decision "is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." *Id.* While a court may not re-weigh the evidence or try the issues de novo, its examination of the record as a whole must include "anything that may undercut

---

[2] A court's review is limited to the Commissioner's final decision, 42 U.S.C. § 405(g), which generally is the ALJ's decision, 20 C.F.R. §§ 404.981, 416.1481 (1980). The Tenth Circuit, however, has held that in some situations, a court must consider evidence beyond that which was before the ALJ. *See Martinez v. Barnhart*, 444 F.3d 1201, 1207−08 (10th Cir. 2006); *O'Dell v. Shalala*, 44 F.3d 855, 859 (10th Cir. 1994). Pursuant to 20 C.F.R. § 404.970(b), any new and material evidence that relates to the period on or before the date of the ALJ's decision shall be considered by the Appeals Council in determining whether to review the ALJ's decision. If the Appeals Council denies review, the ALJ's decision becomes the Commissioner's final decision. *O'Dell*, 44 F.3d at 858 (citing 20 C.F.R. § 404.981). A court reviews the Commissioner's decision, which is the ALJ's decision and not the Appeals Council's denial of review. *See id.* Because a court reviews the final decision based on "the record as a whole," it will consider the evidence that was before the ALJ as well as the new and material evidence that was before the Appeals Council. *Id.* (citing *Castellano v. Sec'y of Health & Human Servs.*, 26 F.3d 1027, 1028 (10th Cir. 1994)). Considering all of the evidence in the administrative record, a court decides whether the ALJ's findings are supported by substantial evidence and whether the correct legal standards were applied. *Maes*, 522 F.3d at 1096.
    Here, the Court reviews the ALJ's decision considering the entire record, which does *not* include the evidence submitted to, but rejected by, the Appeals Council and not exhibited in the record. Tr. 2, 30–32. Plaintiff raises no challenge to the disposition of that evidence. *See* [Docs. 18, 23]. If the Appeals Council had considered any of the evidence, this Court would also include the evidence in its review of the entire record. However, because the Appeals Council did not consider it—a determination not challenged by Plaintiff—this Court does not consider it either.

or detract from the [Commissioner]'s findings in order to determine if the substantiality test has been met."  *Grogan v. Barnhart*, 399 F.3d 1257, 1262 (10th Cir. 2005).  "The possibility of drawing two inconsistent conclusions from the evidence does not prevent [the] findings from being supported by substantial evidence." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (citing *Zoltanski v. FAA*, 372 F.3d 1195, 1200 (10th Cir. 2004)).

"The failure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed is grounds for reversal." *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (quotation marks omitted).

## Applicable Law and Sequential Evaluation Process

In order to qualify for disability benefits, a claimant must establish that she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A) (2018); 20 C.F.R. §§ 404.1505(a), 416.905(a) (2012).

When considering a disability application, the Commissioner is required to use a five-step sequential evaluation process.  20 C.F.R. §§ 404.1520, 416.920; *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987).  At the first four steps of the evaluation process, the claimant must show: (1) she is not engaged in "substantial gainful activity"; *and* (2) she has a "severe medically determinable . . . impairment . . . or a combination of impairments" that has lasted or is expected to last for at least one year; *and* (3) her impairment(s) either meet or equal one of the "Listings"[3] of presumptively disabling impairments; *or* (4) she is unable to perform her "past relevant work."  20 C.F.R.

---

[3] 20 C.F.R. pt. 404, subpt. P, app. 1.

§§ 404.1520(a)(4)(i)–(iv), 416.920(a)(4)(i)–(iv); *Grogan*, 399 F.3d at 1261.  If she cannot show that her impairment meets or equals a Listing, but she proves that she is unable to perform her "past relevant work," the burden of proof then shifts to the Commissioner, at step five, to show that the claimant is able to perform other work in the national economy, considering her residual functional capacity ("RFC"), age, education, and work experience.  *Grogan*, 399 F.3d at 1261.

## Procedural Background

Plaintiff applied for a period of disability, disability insurance, and supplemental security income on July 20, 2015.  Tr. 13.  She alleged a disability-onset date of August 1, 2014.  *Id.*  Her claims were denied initially and on reconsideration.  *Id.*  Administrative Law Judge ("ALJ") Michelle K. Lindsay held a hearing on July 17, 2017.[4]  Tr. 13, 33, 35.  Plaintiff appeared with her attorney.[5]  Tr. 26, 51.  The ALJ heard testimony from Plaintiff and an impartial vocational expert ("VE"), Leslie White, who testified via telephone.  Tr. 36.

The ALJ issued her unfavorable decision on March 14, 2018.  Tr. 24.  She found that Plaintiff met the insured status requirements of the Social Security Act through December 31, 2020.  Tr. 15.  At step one, she found that Plaintiff had not engaged in substantial gainful activity since August 1, 2014, her alleged onset date.  *Id.*  At step two, the ALJ found that Plaintiff suffered from the following severe impairments: degenerative disc disease of the lumbar spine, migraine headaches, dizziness, adjustment disorder with mixed anxiety and depressed mood, and mild obesity.  *Id.*  The ALJ also found that Plaintiff's thyroid goiter was not severe.  Tr. 16.

---

[4] It is unclear whether ALJ Lindsay's hearing was conducted in El Paso, Texas, or in Albuquerque, New Mexico. *Compare* Tr. 13 (mentioning El Paso), *with* Tr. 33, 35 (indicating that the hearing occurred in Albuquerque).  It is also unclear whether Plaintiff and/or her attorney appeared in person or appeared remotely, by videoconference for example.

[5] At the hearing, Plaintiff was represented by attorney Russell Abeln. Tr. 13, 33, 35.  Before this Court, Plaintiff is represented by attorney Aida Medina Adams.  [Doc. 18] at 19.

At step three, the ALJ determined that none of Plaintiff's impairments, alone or in combination, met or medically equaled a Listing. Tr. 16–17. Because none of Plaintiff's impairments met or medically equaled a Listing, the ALJ went on to assess Plaintiff's RFC. Tr. 17–23. The ALJ found that Plaintiff

> is able to lift, carry, push, and pull twenty pounds occasionally and ten pounds frequently, sit for at least six hours in an eight-hour workday, and stand and walk for at least six hours in an eight-hour workday. She can occasionally climb stairs and ramps, balance, stoop, crouch, kneel, and crawl, but can never climb ladders, ropes, or scaffolds. She must completely avoid unprotected heights and hazardous machinery. She is able to understand, remember, and carry out simple instructions, and is able to maintain attention and concentration to perform simple tasks for two hours at a time without requiring redirection to task. [Plaintiff] has the [RFC] to perform less than the full range of light work as defined in 20 [C.F.R. §§] 404.1567(b) and 416.967(b).

Tr. 17.

At step four, the ALJ found that Plaintiff had no past relevant work. Tr. 23. Accordingly, she went on to consider Plaintiff's RFC, age, education, work experience, and the testimony of the VE at step five. Tr. 23–24. She found that Plaintiff could perform work that exists in significant numbers in the national economy and, therefore, was not disabled. *Id.* The Appeals Council denied review on January 28, 2019. Tr. 1–5. Plaintiff timely filed the instant action on March 27, 2019. [Doc. 1].

## **Discussion**

Plaintiff lodges several challenges to the ALJ's decision. Her first four challenges are related and similar; she argues that the ALJ failed to properly evaluate her lumbar symptoms, her headaches and dizziness, her ADLs, and her credibility generally. [Doc. 18] at 7–15. The Court agrees that the evaluation of her ADLs does not pass muster. The ALJ rejected significantly probative evidence on the issue of her ability to perform ADLs and also failed to explain why she

5

rejected the evidence. Remand is warranted for reevaluation of Plaintiff's ADLs. The Court declines to separately pass on Plaintiff's arguments regarding her lumbar symptoms, headaches and dizziness, and credibility. The Court finds that Plaintiff fails to show reversible error in the ALJ's evaluation of Dr. Barrera's report or in the ALJ's findings at step four.[6] The case will be remanded for reevaluation of Plaintiff's ability to perform ADLs.

### I. The case should be remanded for reevaluation of Plaintiff's ADLs.

In assessing Plaintiff's ADLs, the ALJ relied on the function reports completed by Plaintiff and her boyfriend on September 25, 2015, and on the fact that Plaintiff attempted to work after her alleged onset date. Tr. 22 (citing Tr. 215–22 (Plaintiff's function report), 248–55 (third-party function report completed by Plaintiff's boyfriend)). Based in part on this assessment of Plaintiff's ADLs, the ALJ determined that Plaintiff was capable of a limited range of light, unskilled work with some postural limitations and, therefore, was not disabled. Tr. 17.

Plaintiff challenges the ALJ's recapitulation of the function reports, arguing that she cherry picked the portions that were unfavorable to Plaintiff and ignored the portions that were favorable to Plaintiff. [Doc. 18] at 10–11. For example, Plaintiff argues that the ALJ ignored Plaintiff's report that she could not stand for more than 15 minutes at a time, that her boyfriend helped care for her pet, that she had trouble with dressing and toileting due to problems reaching. Tr. 215–16. She argues that the ALJ ignored her boyfriend's report that he helps care for her pet and that she

---

[6] Plaintiff expands her arguments somewhat in her Reply. *See* [Doc. 23]. To the extent that Plaintiff makes any new argument for the first time in her Reply, it is waived. *See Kruse v. Astrue*, 436 Fed. App'x 879, 885 (10th Cir. 2011) ("[a]rguments presented for the first time in a reply brief are waived" (citing *State Farm Fire & Cas. Co. v. Mhoon*, 31 F.3d 979, 984 n.7 (10th Cir. 1994))); *Berna v. Chater*, 101 F.3d 631, 632–33 (10th Cir. 1996) (recognizing "that waiver principles developed in other litigation contexts are equally applicable to social security cases"). Additionally, to the extent that Plaintiff's Reply could be construed as asserting any new argument, it would be inadequately developed and, therefore, waived. *See Wall v. Astrue*, 561 F.3d 1048, 1065 (10th Cir. 2009) (stating that an issue is waived if not adequately supported by "developed argumentation" (quoting *Hardeman v. City of Albuquerque*, 377 F.3d 1106, 1122 (10th Cir. 2004))).

needs help dressing due to difficulty reaching. Tr. 249. Plaintiff further argues that the ALJ ignored the fact that she needs a home-health aid to assist her with ADLs 15 hours per week. [Doc. 18] at 12 (citing Tr. 623–24). Defendant does not directly respond to these arguments. *See* [Doc. 22] at 8–9.

The Court agrees with Plaintiff. The ALJ's findings on Plaintiff's ability to perform ADLs cannot stand where the ALJ has rejected—and failed to discuss—significantly probative evidence. *See Haga v. Astrue*, 482 F.3d 1205, 1207 (10th Cir. 2007) (although "the ALJ is not required to discuss every piece of evidence," she "must discuss the . . . significantly probative evidence [s]he rejects" (internal quotation marks omitted)). Here, the significantly probative evidence tends to show that Plaintiff requires assistance with very basic ADLs such as toileting, bathing, and dressing. For example, there is a form authorizing Plaintiff to receive 15 hours per week of home-health care. Tr. 623. There is a treatment plan allocating 2 or 2.5 hours of assistance to each day of the week for help with, for example, "bowel & bladder services," "eating," "hygiene/grooming/bathing," "ambulation and transferring," in addition to errands, shopping, cooking, and light cleaning. Tr. 624. Plaintiff's testimony at the hearing seems to be consistent with these documents. For example, she testified that her boyfriend is paid by the state to provide the home-health assistance. Tr. 51–52. She testified that he helps when she has trouble dressing and bathing. Tr. 46, 47. She testified that he helps her clean, wash dishes, prepare food, shop for groceries, and that he walks her dog. Tr. 47–48, 51–52.

This evidence is probative of the issue of Plaintiff's ability to perform ADLs. It paints a picture of an individual who requires at least two hours per day of assistance with ADLs. That level of impairment is drastically different than the picture painted by the ALJ, which is of an

7

individual capable of sustaining a limited range of light work on a full-time basis.  Without any explanation about why the ALJ rejected this significantly probative evidence, this Court cannot follow her reasoning.  Remand will be necessary.

## II. Any error in the ALJ's evaluation of Dr. Barrera's three-day-workweek restriction is harmless.

On October 5, 2015, Plaintiff saw orthopaedist Dr. Barrera.  He reviewed her MRI of August 2015.  Tr. 395.  His treatment plan read:

> Initially with [sic] try gabapentin and tizanidine and see how much of a difference this makes with consideration for dose change, injection to trochanter bursa, referral to pain management for possible injection potentially consideration of referral back to PT or referral on to surgeon.  *Will limit work week to 3 days per week for now to limite [sic] time where she has less flexibility regarding sitting/standing position.*
> Gabapentin 300mg was prescribed; side effects were discussed and appropriate instructions were provided.  Zanaflex 2mg tablets were prescribed; side effects were discussed and appropriate instructions were provided.
> A return[-]to[-]work authorization form was created and given to the patient.  The patient was instructed to continue home exercise program.  The patient was instructed to continue with medication(s).
> Patient to return in 6 weeks for follow up.

Tr. 395 (emphasis added).

The ALJ "assigned very little weight to the opinion of [Plaintiff]'s treating physician, Dr. Barrera, in that [Plaintiff] should limit her workweek 'to 3 days per week for now to limit time where she has less flexibility regarding sitting/standing position,' because it [is] neither supported by the other medical evidence of record or [Plaintiff]'s self-reported abilities."  Tr. 23 (quoting Tr. 395).

8

Plaintiff challenges the ALJ's rejection of Dr. Barrera's three-day-workweek restriction on the ground that the ALJ's reasons are not sufficiently clear. [Doc. 18] at 16. She cites to evidence that she believes supports Dr. Barrera's opinion. *Id.* at 17, 20. For example, she cites to Dr. Barrera's clinical note, which reflects his physical examination, diagnoses, and treatment plan. *Id.* at 17. She cites to similar diagnoses by another orthopaedist. *Id.* (citing Tr. 608–09). She also cites to MRIs from 2011 and 2015. *Id.* She argues that the ALJ is not permitted to pick and choose from among Dr. Barrera's findings. *Id.* at 17. She argues that the ALJ's evaluation of Dr. Barrera's opinion is not supported by substantial evidence. *Id.* She describes the treating-physician rule, *id.* at 15–16, but she makes no argument about it, *id.* at 15–17. Plaintiff's position is that Dr. Barrera's opinion was supported by other evidence in the record, contrary to the ALJ's finding. *See id.* at 16–17. This matters to Plaintiff because the limitation to a three-day workweek would be, of course, more restrictive than the RFC assessed by the ALJ.

Defendant responds that Dr. Barrera's restriction to a three-day workweek was only temporary. [Doc. 22] at 7. After all, Dr. Barrera said the restriction was "for now." *Id.* at 10 (quoting Tr. 395). Defendant repeats the ALJ's reasons for rejecting the three-day-workweek restriction and adds the that the doctor's opinion was temporally limited anyway. *Id.* at 10–11.

Irrespective of whatever error could be assigned to the ALJ's reasons for rejecting Dr. Barrera's 3-day-workweek restriction, there is no prejudice to Plaintiff. The Court can "confidently say that no reasonable administrative factfinder," properly considering the note from Dr. Barrera, "could have resolved [the 3-day-workweek restriction] in any other way" than the

9

ALJ did by excluding it from the RFC assessment.  *Allen v. Barnhart*, 357 F.3d 1140, 1145 (10th Cir. 2004).

First, the Court finds no evidence that Dr. Barrera qualified as Plaintiff's "treating" physician (thereby entitling his opinion to extra deference).  The record shows that Dr. Barrera saw Plaintiff only one time and described the visit as a consultation.  *See* 20 C.F.R. §§ 404.1527(a)(2), 416.927(a)(2) (2012) ("treating" sources see the patient multiple times); Tr. 393 (describing the visit as a consult).  Although Dr. Barrera contemplated seeing Plaintiff a second time, *see* Tr. 395 ("follow up in six weeks"), the record contains no evidence that she returned.  Second, there is no reasonable way to interpret Dr. Barrera's note as opining that Plaintiff cannot work more than three days per week on a permanent, indefinite, or at-least-12-month basis.  *See* Tr. 393–35.  It is clear that Dr. Barrera's three-day-workweek restriction was "for now," that is, until Plaintiff was set to return, in six weeks.  *See* Tr. 395.

Moreover, the Court is not convinced that Dr. Barrera's restriction was actually about a three-day workweek itself.  He explained that he wanted Plaintiff to work only three days per week—she was a substitute teacher at the time, Tr. 393—"to limite [sic] time where she has less flexibility regarding sitting/standing position."  Tr. 395.  The Court understands Dr. Barrera to have been concerned with Plaintiff's having a sit-stand option.  *See id.*  Limiting her to a three-day workweek was a way to limit the time when she had no sit-stand option.

For these reasons, the Court finds that, to the extent there is any error in the ALJ's discussion of Dr. Barrera's note, such error is harmless.  No reasonable administrative factfinder

properly considering the note could have determined that it warranted a three-day workweek restriction in the RFC. *See Allen*, 357 F.3d at 1145. Remand is not warranted on this basis.

### III. Plaintiff fails to show any reversible error in the step-four analysis.

Plaintiff argues that the ALJ erred in her step-four analysis. Plaintiff disagrees with the ALJ's finding that she has no past relevant work ("PRW"). [Doc. 18] at 17–18. Plaintiff urges that her past work as a substitute teacher, home-health aide, telemarketer, after-school attendant, and babysitter all qualify as PRW. *Id.* Further, Plaintiff argues that the ALJ erred in failing to find that she could not return to any of this PRW, as evidenced by testimony of the VE. *Id.* at 18 (quoting Tr. 54–55). As Defendant correctly points out, even if Plaintiff were correct, the error would be of no consequence because the ALJ's ultimate finding that Plaintiff was not disabled was based on her step-five findings. [Doc. 22] at 11 (citing Tr. 23–24). Plaintiff does not challenge the step-five findings, *see* [Doc. 18], and when step-five findings are unchallenged and sufficiently support the denial of benefits, the step-four findings, even if erroneous, do not trigger remand. *See Murrell v. Shalala*, 43 F.3d 1388, 1390 (10th Cir. 1994) ("Since the unchallenged step-five finding is, by itself, a sufficient basis for the denial of benefits, plaintiff's success on appeal is foreclosed regardless of the merit of his arguments relating to step four.").

### Conclusion

The ALJ rejected the evidence tending to show that Plaintiff required at least two hours per day of assistance with very basic ADLs, such as bathing, dressing, and toileting. Because the ALJ did not explain why she rejected the evidence, and no reason is discernable, remand is warranted for reevaluation of Plaintiff's ADLs.

**IT THEREFORE ORDERED, ADJUDGED, AND DECREED** that Plaintiff's Motion to Remand or Reverse [Doc. 18] be **GRANTED**.  The Commissioner's final decision is reversed, and this case is remanded for further proceedings in accordance with this opinion.  *See* § 405(g) (sentence four).

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**
**Presiding by Consent**